a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRE BURKE #41560-007,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-00136<br>SEC P |
| VERSUS | JUDGE DRELL |
| U S P POLLOCK ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (ECF No. 1) filed by pro se Plaintiff Andre Burke ("Burke") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Burke is incarcerated at the United States Penitentiary in Thomson, Illinois. He seeks compensatory damages for the alleged violation of his constitutional rights while he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

Because Burke fails to state a viable constitutional claim, his Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Burke alleges that Officer Bordelon slammed his fingers in the food tray slot while Burke was passing his tray and trash through. ECF No. 1 at 3. His fingers were examined, and he was provided an ice pack. Burke was returned to his cell for

---

[1] Burke submitted a complaint form under 42 U.S.C. § 1983. Since Burke sues federal agents for damages, however, his claim arises under *Bivens* rather than § 1983.

1

about 90 minutes, and then transported to the hospital for x-rays. The x-rays were negative for any broken bones or fractures. ECF No. 1-2 at 11.

## II. Law and Analysis

### A. Burke's Complaint is subject to preliminary screening.

Because Burke is suing officers or employees of a governmental entity and proceeding in forma pauperis, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2). Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Burke fails to state a viable *Bivens* claim.

Although § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute

for federal officials. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*.

The United States Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228, holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55 ("These three cases—*Bivens*, *Davis*, and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Abbasi*, 137 S. Ct. at 1843. Because *Bivens* is a judicially crafted remedy, and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context" and, if it does; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity (internal quotations and citations omitted)). The

Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and has repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an 'ancient regime' that freely implied rights of action" and that "ended long ago."), *cert. denied*, 141 S.Ct. 2669 (2021).

For purposes of implying a damages remedy under the Constitution, a proposed *Bivens* claim is "new" if the "case is different in a meaningful way from previous *Bivens* cases" in which the Supreme Court had recognized a *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1859. "Virtually everything else is a 'new context' " and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the Bivens trilogy 'is still an extension.'" *Oliva*, 973 F.3d at 442 (citations omitted). In short, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)).

Burke's allegations present a "new context" even though the claim for cruel and unusual punishment arises under the Eighth Amendment, which was at issue in *Carlson*. *Carlson* only recognized an implied damages remedy under the Eighth Amendment for failure to provide any medical treatment for a serious, chronic asthmatic condition.

Because Burke presents a "new context," the Court must "contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Byrd*, 990 F.3d at 881. There are.

First, Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"). In addition, the BOP's Administrative Remedy Program provides an alternative process foreclosing a damages remedy under *Bivens*. *See Sheldon v. Underwood*, 3:19-CV-2041, 2022 WL 1651463, at *6 (N.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 1644443 (N.D. Tex. 2022); *Dudley*, 2020 WL 532338, at *8; *Begay v. Leap*, 3:17-CV-2639, 2019 WL 1318410, at *3 (N.D. Tex. 2019), *report and recommendation adopted*, 2019 WL 1315901 (N.D. Tex. 2019) (citations omitted); *Brunson v. Nichols*, 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. 2018) (citing cases). Even if the FTCA or grievance process does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444.

III. <u>Conclusion</u>

Because Burke fails to state a claim under *Bivens*, IT IS RECOMMENDED that his Complaint be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 27, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE